IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 40818, 40819, & 40820

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 527 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 28, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JEFFERY ALAN CHAMBLISS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Orders revoking probation and requiring execution of concurrent unified five-year sentences, with two-year determinate terms, for three counts of possession of a controlled substance, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 40818, Jeffery Alan Chambliss pled guilty to possession of a controlled substance. I.C. § 37-2732(c). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of three years, with a minimum period of confinement of one and one-half years; suspended the sentence; and placed Chambliss on probation.

In Docket No. 40819, Chambliss pled guilty to possession of a controlled substance, I.C. § 37-2732(c), and admitted to violating the terms of his probation in Docket No. 40818. In exchange for his guilty plea, additional charges and an allegation that Chambliss was a persistent

violator were dismissed. The district court sentenced Chambliss to a unified term of five years, with a minimum period of confinement of two years, to run concurrent with Chambliss's sentence in Docket No. 40818. The district court also revoked Chambliss's probation in Docket No. 40818 and ordered execution of his sentence. The district court, however, retained jurisdiction in both cases. Following successful completion of his rider, the district court suspended Chambliss's sentences in both cases and placed him on probation.

In Docket No. 40820, Chambliss pled guilty to possession of a controlled substance, I.C. § 37-2732(c), and admitted to violating the terms of his probation in Docket Nos. 40818 and 40819. In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Chambliss to a unified term of five years, with a minimum period of confinement of two years, to run concurrent with Chambliss's sentences in Docket Nos. 40818 and 40819. The district court also revoked Chambliss's probation in Docket Nos. 40818 and 40819 and ordered execution of his sentences. However, the district court suspended all three sentences and once again placed Chambliss on probation.

Thereafter, Chambliss admitted to violating the terms of his probation. The district court revoked probation in all three of Chambliss's cases, but retained jurisdiction. Following successful completion of his rider, the district court suspended the sentences and placed Chambliss on probation. Once again, Chambliss admitted to violating the terms of his probation, and the district court revoked probation and ordered execution of Chambliss's original sentences. Chambliss filed I.C.R. 35 motions for reduction of his sentences, which the district court denied.

Chambliss appeals, contending that the district court abused its discretion in revoking probation and that the sentence is excessive, that the district court erred in denying his Rule 35 motions for reduction of sentences, and that the district court should have sua sponte reduced his sentences upon revocation of probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834

2

P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Chambliss also argues the district court erred in denying his Rule 35 motion for reduction of his sentences. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319,

3

144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73.

Applying the foregoing standards and having reviewed the record in this case (assuming Chambliss can challenge the district court's failure to sua sponte reduce his sentence), we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Chambliss's original sentences without modification. Therefore, the orders revoking probation and directing execution of Chambliss's previously suspended sentences and the orders denying his Rule 35 motions for reduction of sentences are affirmed.